UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILIAN ALEXANDER VASQUEZ LOPEZ,

Petitioner,

v. Case No. 2:26-cv-2998-KCD-KRH

WARDEN, GLADES COUNTY DETENTION CENTER, U.S. ATTORNEY GENERAL,

Respondents.
_______________________________/

**ORDER**

The Court previously ordered the Government to provide Petitioner with a bond hearing in a prior case. *See* 2:26-cv-02067-KCD-NPM. On August 26, 2026, that happened, with the immigration judge denying bond after finding that Petitioner was a flight risk and the Government bore the burden of proof. (Doc. 7-1.) As previously identified, there is nothing procedurally or constitutionally defective about its decision. This Court does not have jurisdiction to step in and give Petitioner a different result. *See Mayorga v. Meade*, No. 24-CV-22131, 2024 WL 4298815, at *8 (S.D. Fla. Sept. 26, 2024) ("[T]his Court does not have jurisdiction to review the decision of the immigration judge to deny Petitioner bond[.]").

Lopez also argues that he is entitled to release because his detention has become unconstitutionally prolonged under the Fifth Amendment. The Court cannot agree. Lopez does not yet have a final removal order and his "detention will not be indefinite, but rather will have a definite termination point when [his] immigration proceeding concludes." *Camargo v. Warden*, No. 0:26-CV-62130, 2026 WL 2723424, at *3 (S.D. Fla. Aug. 26, 2026).

Because Lopez has failed to demonstrate any violation of the Constitution or laws of the United States that is cognizable or would necessitate his release, the habeas petition must fail. Accordingly, Lopez's motion to expedite (Doc. 2) and motion to prevent transfer (Doc. 5) are **DENIED AS MOOT**. The Clerk is **DIRECTED** to terminate any pending deadlines and close the case.

**ORDERED** in Fort Myers, Florida on November 16, 2026.



Kyle C. Dudek
United States District Judge